## LOUIS GRANNEMANN
### V.
## FERDINAND KLOEPPER.

*Master and Servant—Action for Wages—Abandonment of Contract—Settlement—Excessive Judgment—Entry of Correct Judgment—Costs.*

In an action for wages, it is *held:* That the evidence shows that the contract was abandoned by mutual consent, and that there was a settlement between the parties; that the counter-claim of defendant was properly excluded; that there can be no recovery for the full term; that the judgment of the County Court was excessive; and that judgment may be entered in this court for the amount found due by the Justice, with costs before him and the County Court, appellant being allowed costs in this court.

[Opinion filed October 5, 1887.]

APPEAL from the County Court of Randolph County; the Hon. WARREN N. WILSON, Judge, presiding.

Messrs. WILLIAM HARTZELL and J. B. SIMPSON, for appellant.

Mr. RALPH E. SPRIGG, for appellee.

WILKIN, J.   Appellee sued appellant for wages and, before a Justice of the Peace, obtained judgment for $68.50. Appellant appealed to the County Court and there the judgment was increased to $130, and he again appeals to this court.

It appears from the evidence that appellee began to work for appellant on the 12th day of April, 1886, under a contract to work for nine and one-half months for $140, and quit September 18, 1886. At the time he quit there was a quarrel between the parties.

The judgment before the Justice was for the time actually engaged, less $10 paid by appellant's wife. The judgment before the County Court was for the full contract price for the term of nine and one-half months, $140, less the $10 paid.

The evidence clearly shows that the contract was abandoned by mutual consent, and we think it sufficiently appears that there was at the time a settlement between the parties and the

amount due found to be $68.50. Appellee testified: "I then asked him if he wanted me to work for him any longer; asked for settlement but he did not pay me; he followed me to the barn lot. We then talked about a settlement; he figured up what he owed me and made a mistake of $5. I then figured it up, but don't remember how much it was."

Appellant says in his evidence: "He then asked me for a settlement and I then began to figure up how much I owed him and when I got through he looked at it and said that I had made a mistake of $5, which I had. He then figured it up making it $78.50, less $10, making me owe him at settlement $68.50."

It is clear, under this state of facts there could be no recovery for the full term at the contract price. The authorities cited by counsel for appellee in support of the judgment of the County Court are inapplicable, for the reason that the evidence fails to show a wrongful discharge by appellant or an abandonment by appellee on account of the mistreatment of appellant. On the contrary he was willing to quit and called for a settlement. Appellant was willing that he should quit and they at least made an effort to settle for the work performed. No claim was then made for pay for the unexpired term. In fact the suit was begun before the Justice of the Peace before the expiration of the term.

Whether there was a final agreement between the parties as to the amount due or not, the judgment of the County Court can not be sustained. But we hold that there is sufficient evidence of a settlement to preclude the parties from bringing forward demands not then claimed, and insisting upon them, either under the contract of hiring, or by way of set-off, and for that, if no other reason, the counter-claim of appellant was properly excluded.

The judgment of the Justice of the Peace was clearly right, and a judgment will be entered in this court for the appellee against appellant for the sum of $68.50 and execution awarded therefor, and also for costs before the Justice of the Peace and in the County Court. The judgment of the County Court will be reversed and appellant allowed costs in this court.

*Reversed.*